FILED
NOV 27 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GHEORGHE CROITORU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 2252 |
| ) | |
| ERIC HOLDER, Attorney General ) | |
| of the United States, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

It appears that plaintiff is detained by the Bureau of Immigration and Customs Enforcement, and that he attempts to circumvent a pending removal order by arguing that he is a United States citizen by virtue of his parents' naturalization and by his registration for the selective service. It further appears that plaintiff has been removed from the United States once before, and that he has been convicted of criminal offenses which have rendered him subject to removal at this time. In this action, plaintiff demands an order enjoining defendants "from asserting or ruling that [plaintiff] is not an American Citizen," his immediate release from incarceration, and an order "that the case against [him], '[his] prior removal,' be totally stricken from the record," thus "restoring [him] in every way as possible prior to the inland piracy attack." Compl. at 12.

In relevant part, the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 302, deprives federal district courts of jurisdiction to review matters involving removal proceedings and the execution of removal orders. *See* 8 U.S.C. § 1252(g). This so-called "Exclusive

jurisdiction" section provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act."

8 U.S.C. 1252(g); *see Sadhvani v. Chertoff*, 460 F. Supp. 2d 114, 122 (D.D.C. 2006) (dismissing petitions for a writ of habeas corpus and a writ of mandamus and motion for preliminary injunction to stay petitioner's deportation to Togo), *aff'd*, No. 06-5405, 2008 WL 2185344 (D.C. Cir. May 13, 2008) (per curiam). Although 8 U.S.C. § 1252(g) "does not apply to all 'decisions or actions that may be part of the deportation process,'" the Supreme Court holds that "subsection 1252(g) applies to three discrete actions that the [Executive Branch] may take: [a] decision or action to commence proceedings, adjudicate cases, or execute removal orders." *Nken v. Chertoff*, 559 F. Supp. 2d 32, 36 (D.D.C. 2008) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (internal quotation marks omitted)). Where, as here, plaintiff's claims appear to arise from the Attorney General's decision to adjudicate his case and to execute aremoval order, the claims are "thus subject to the unambiguous jurisdiction-stripping language of 8 U.S.C. § 1252(g)." *Sadhvani v. Chertoff*, 460 F. Supp. 2d at 122.

Accordingly, the Court will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 11/10/09

United States District Judge